## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:94-cr-00529-KMM-1

UNITED STATES OF AMERICA,

v.

ANTHONY LEON DAVIS,

      Defendant.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon a Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed against Defendant Anthony Leon Davis ("Defendant"). ("Pet.") (ECF No. 179).  The Court referred the matter to United States Magistrate Judge Marty Fulgueira Elfenbein to take all necessary and proper action with respect to any and all violations of supervised release.  (ECF No. 185).  Thereafter, Magistrate Judge Elfenbein held an evidentiary hearing and issued a Report and Recommendation, ("R&R") (ECF No. 207), recommending that the Court find Defendant (1) violated the conditions of his supervised release as alleged in Violation 3 of the Petition;[1] (2) revoke Defendant's supervised release; and (3) hold a sentencing hearing.  R&R at 14.  Defendant filed Objections to the R&R, ("Obj.") (ECF No. 208), and the Government filed a Response.  ("Resp.") (ECF No. 213).  The matter is now ripe for review.  As set forth below, the Court ADOPTS the R&R.

---

[1]  The R&R also recommend that this Court grant the Government's Motion to Dismiss Violations 1 and 2 of the Petition.  R&R at 14.  After the R&R was filed, however, this Court granted the Government's Motion and dismissed Counts 1 and 2 of the Petition.  *See* (ECF No. 209).  Thus, this Court need not readdress those portions of the R&R.

## I.     BACKGROUND

Defendant was originally sentenced to a term of imprisonment of 298 months, followed by eight years of supervised release.  R&R at 1 (citing ECF No. 62).  Defendant began his term of supervised release on June 10, 2016, and was scheduled to terminate supervision on June 9, 2024. R&R at 1.  "On April 9, 2024, the Court issued a Summons for Defendant based on a Petition from the United States Probation Office ("Probation"), alleging that Defendant violated the requirements of supervised release.  *Id.*

On April 9, 2024, the United States Probation Office filed the instant Superseding Petition for Offender Under Supervision alleging the following three violations:

> 1.   Violation of Mandatory Condition, by failing to refrain from violation of the law. On April 10, 2024, the defendant committed the offense of Possession of Cocaine, contrary to Florida Statue 893.13-6a, a felony of the 3rd degree.
>
> 2.   Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about April 10, 2024, the defendant committed the offense of Ran Stop Sign, contrary to Florida Statute 316.123-2A.
>
> 3.   Violation of Mandatory Condition, by unlawfully possessing or using a controlled substance. On or about April 12, 2024, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

Pet. at 2.  Violations 1 and 2 have been dismissed.  *See* (ECF No. 209).  On August 1, 2024, Magistrate Judge Elfenbein held an evidentiary hearing, where the Government presented the "testimony of Broward Sheriff's Office Detective Brian Czerwonko ("Detective Czerwonko") and United States Probation Officer Michael Wright ("Officer Wright") along with various exhibits." R&R at 3 (citing (ECF No. 199)).  Defendant presented the testimony of Lazaro Daniel, an investigator from the Federal Defender's Office, along with an exhibit.  *Id.*

First, Detective Czerwonko who arrested Defendant at a traffic stop, testified that he conducted a field test on a substance found in the vehicle Defendant was driving, which produced

a positive result for cocaine. *See* R&R at 5.[2]   Subsequently, the substance was submitted to the laboratory results for testing and yielded a positive result for cocaine. *Id.* at 6; *see also* ("Exhibit 3") (ECF No. 203–2).   "There [was] no assertion that the substance was improperly handled or that the report was compiled in an unusual manner." R&R at 7.   The R&R introduced Exhibit 3, the laboratory results, into evidence over Defendant's objections. *See id.*   Second, Officer Wright Defendant's probation officer, testified that following the Defendant's arrest, he reported his arrest to probation and reported for drug testing. *Id.* at 8.   Because Officer Wright was on vacation, Defendant reported to Probation Officer Holly Harrison. *Id.*   "As part of the routine drug-testing process, Probation establishes a chain of custody for the urine sample." *Id.*   Defendant is required to (1) fill out a form acknowledging that the urine sample is his and is unadulterated; (2) initial a sticker with a serial number on it; (3) initial a security strip; and (4) seal the specimen cup. *Id.*   A probation officer subsequently fills out the chain of custody form. *Id.*   A local laboratory then tests the specimen for illicit drugs; here, Defendant's sample yielded a positive result for cocaine. *Id.*   The R&R admitted Exhibit 5, the Probation Chain of Custody Form, into evidence over Defendant's objections. *Id.*; *see also* ("Exhibit 5") (ECF No. 203–4).   Finally, the specimen is sent to a national laboratory for testing. *See* R&R at 10.   Here, Defendant's specimen yielded at a positive result for cocaine at the national laboratory. *See id.*   The R&R admitted Exhibit 6, the national laboratory test results, into evidence over Defendant's objections. *See id.*; *see also* ("Exhibit 6") (ECF No. 203–5).

---

[2]  For a more thorough review of the factual background *see* R&R at 2–11.

## II.      LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review.  *Id.*

## III.     DISCUSSION

In the R&R, Magistrate Judge Elfenbein recommends that the Court find that Defendant violated the conditions of his supervised release as alleged in Violation 3 of the Petition.  R&R at 14.  Defendant raises two objections to Magistrate Judge Elfenbein's conclusions. *See generally* Obj.  The Court responds to each of these objections in turn.

### A.     Objection I:  Admission of Government Exhibits 3, 5, & 6 Violated Defendant's Confrontation and Due Process Rights

The Court begins by noting that Magistrate Judge Elfenbein considered Exhibits 3, 5, and 6 (collectively as, the "Exhibits") conditionally during the hearing, over Defendant's objections, and later admitted the Exhibits in the R&R.  *See generally* R&R.  Defendant argues that the admission of the Exhibits violated his confrontation and due process rights.  Obj. at 3.  In response, the Government disagrees, and argues that the R&R "properly complied with the *Frazier* balancing test and determined the reliability of the hearsay in [the Exhibits]."  Resp. at 6 (citing *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994)).

While the "Federal Rules of Evidence do not apply in supervised release revocation hearings," Defendants are still "entitled to certain minimal due process requirements."  *Frazier*,

4

26 F.3d at 114 (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).  "Among these minimal requirements is the right to confront and cross-examine adverse witnesses." *Id.*  Notably, however, "[t]he right to cross examine adverse witnesses at a revocation of supervised release hearing is not absolute; rather, 'in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation.'"  *United States v. Geathers*, 297 F. App'x 885, 886 (11th Cir. 2008) (quoting *id.*).  For hearsay evidence to be admissible it must (1) be reliable and (2) "the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier*, 26 F.3d at 114 (11th Cir. 1994) (citing *United States v. Penn*, 721 F.2d 762, 764 (11th Cir.1983)).  The Court will now address whether each of the Exhibits were properly admitted.

> 1.     **Exhibit 3:  Crime Laboratory Analysis Report**

Defendant argues that "the Government's proffered reason for denying his confrontation right[, which was for efficiency purposes,] did not outweigh his interest in confronting and cross examining the chemist in his defense."  Obj. at 2.  In Response, the Government states that "the R&R noted that the reliability of the laboratory report is not in question, neither is the handling of the substance, nor the manner in which the report was compiled."  Resp. at 4.  Moreover, the R&R stated "[e]ven if the Court completely ignores the finding of the crack rock in the driver-side door, the positive field test of that crack rock, and [Exhibit 3,] the laboratory test confirming the substance was cocaine, as well as the timing of the traffic stop in relation to the urine specimen, the Court finds that the Government has still proven Violation 3 by a preponderance of the evidence."  Thus, even if this Court were to conclude Exhibit 3 was admitted in error, it would have no impact on the R&R's ultimate determination that Defendant violated the terms of his

supervised release by a preponderance of the evidence.  Accordingly, as it would not impact the R&R's ultimate determination, the Court declines to address the admissibility of Exhibit 3.

### 2.       Exhibit 5:  Probation Chain of Custody Form

In his Objections, Defendant argues that Magistrate Judge Elfenbein's admission of Exhibit 5 violated his confrontation rights because the "Government's proffered reason for denying confrontation 'efficiency'—does not outweigh [Defendant's] confrontation and due process rights."  Obj. at 3.  In response, the Government states "the R&R articulated in detail the reliability of the chain-of-custody form and local laboratory report in [Exhibit 5]."  Resp. at 5 (citing R&R at 8–9).  Moreover, the Government notes that "Defendant fill[ed] out a form indicating the urine specimen [was] his and [was] unadulterated."  *Id.*  Additionally, Defendant initialed a sticker "with a security number on it and the security strip [and sealed] the specimen cup."  *Id.*

*United States v. Evans* is instructive, in *Evans* the Eleventh Circuit flatly rejected the argument raised by Defendant here:  "To the extent Defendant also argues that his Sixth Amendment rights were violated because he was not being permitted to cross-examine the chemists, this argument is unavailing. In *United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015), we held that the Sixth Amendment does not apply to supervised release revocation proceedings."  662 F. App'x 681, 684–85 (11th Cir. 2016) (affirming district court's revocation of supervised release).  Furthermore, the sole case cited by Defendant in mounting his objection is *Frazier*, which merely held that a court must "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation."  26 F.3d at 110.  Here, the R&R conducted a thorough balancing test in accordance with *Frazier*. Accordingly, the Court overrules Defendant's objections with respect to the admissibility of Exhibit 5.

**3.      Exhibit 6:  Chain of Custody for Drug Analysis and Drug Test Report**

In his Motion, Defendant argues Exhibit 6 was improperly admitted for the same reason, "nothing in the record supports that it would be costly to bring the technician to the hearing, as the Government did not provide any details as to cost or burden."  Obj. at 5.  Moreover, Defendant argues that "the Government did not proffer why the laboratory technician[, located in Louisiana,] could not appear by Zoom for the hearing."  *Id.*  Defendant argues this modification would eliminate all costs to the Government.  *Id.*

First, while it is true that Zoom attendance would eliminate travel costs, Defendant fails to acknowledge the burden this argument, made on the day of the evidentiary hearing, would impose on this Court and the laboratory technician's schedule.  Defendant's objections to the admissibility of the Exhibits deviate little from the arguments presented during the hearing before Magistrate Judge Elfenbein.  Moreover, because there was no evidence to suggest Exhibit 6 was modified, altered, or unauthentic, this Court is unconvinced that declining to call the laboratory technician violated Defendant's rights.  *See Evans*, 662 F. App'x at 684.  Accordingly, the Court overrules Defendant's objections with respect to the admissibility of Exhibit 6.

**A.      Objection II:  The Government did not Prove by a Preponderance of the Evidence that Defendant Unlawfully Possessed a Controlled Substance**

In Objection II, Defendant essentially reiterates the arguments raised in Objection I, that the Exhibits were admitted in error, and had the Exhibits not been admitted, the R&R would not have found Defendant violated the terms of his supervised release.  Obj. at 6–8.  In probation revocation hearings, a court must only find a defendant violated a condition of supervised release by a preponderance of the evidence, rather than beyond a reasonable doubt.  18 U.S.C. § 3583(e)(3); *see also Johnson v. United States*, 529 U.S. 694, 700 (2000) (noting that, even though such violations can lead to imprisonment, the violation need not be criminal).  For an objection to

warrant de novo review, it must be "sufficiently specific and not a general objection to the report[.]" *Macort*, 208 F. App'x at 784. Defendant's sweeping objection to the R&R's ultimate conclusion, does not warrant de novo review. Nevertheless, as this Court has already determined Exhibits 5 and 6 were properly admitted, it easily concludes that Defendant violated the terms of his supervised release by a preponderance of the evidence. Defendant's urine sample, which he signed and sealed, was submitted to Probation Officer Harrison and tested positive for cocaine at the local and national laboratory. *See* Exhibits 5–6. Even if this Court ignores all other evidence presented at the evidentiary hearing, including Exhibit 3, Exhibits 5 and 6 alone are sufficient to find Defendant violated the terms of his supervised release by a preponderance of the evidence. Accordingly, the Court ADOPTS Magistrate Judge Elfenbein's findings that Defendant committed Violation No. 3 as alleged in the Superseding Petition.

## II.     CONCLUSION

Accordingly, UPON CONSIDERATION of the Superseding Petition, the R&R, the Objection, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Elfenbein's R&R (ECF No. 207) is ADOPTED. Defendant's Objections (ECF No. 208) are OVERRULED. The Court finds that committed Violation 3. A Final Revocation Hearing will be set by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this  27th   day of January 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record Defendant